UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACK AARONSON, as an individual and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>VITAL PHARMACEUTICALS, INC.,<br><br>　　　　　　　　　　　　　　Defendant. | Civil No.　09cv1333-W (BGS)<br><br>**ORDER ON JOINT MOTION TO DETERMINE DISCOVERY DISPUTE**<br><br>**[Doc. No. 24.]** |

**A.　Procedural Background**

On May 3, 2010, the Court issued an order requiring the parties to conduct a Rule 26(f) conference, exchange initial disclosures, and submit a discovery plan to chambers. (Doc. No. 20.) On May 7, 2010, the Court learned that counsel did not conduct a proper Rule 26(f) conference, did not exchange initial disclosures, and did not complete a joint discovery plan. The Court therefore vacated the Case Management Conference and ordered the parties to engage in a proper Rule 26(f) conference and agree on a discovery plan focused solely on issues pertaining to filing and opposing a motion for class certification. (Doc. No. 21.) The Court ordered counsel to submit a joint discovery plan no later than May 19, 2010, otherwise counsel would be required to hold the Rule 26(f) conference in chambers on May 26, 2010. (*Id.*)

When counsel appeared for the in-person Rule 26(f) conference, they were again ordered to meet and confer for the purpose of creating a joint discovery plan solely related to issues necessary for filing

and opposing a motion for class certification. Once again, counsel could not agree on a joint discovery plan.

Because counsel could not agree on a discovery plan, the Court ordered the parties to file a Joint Motion for Determination of Discovery Dispute in order for the Court to decide what discovery will be permitted for the limited purpose of filing and opposing a class certification motion. The order detailed the procedure by which the parties were to address any proposed discovery in dispute. Specifically, the parties were to include in their joint motion:

> A concise memorandum of points and authorities outlining the dispute with particularity. (points and authorities shall not exceed 10 pages per side); and a joint statement with the following:
> i. The exact category of the documents or things requested to be produced or the exact matters for examination pursuant to Fed. R. Civ. P. 30(b)(6);
> ii. The exact response to the request by the responding party;
> iii. A statement by the propounding party as to why the documents should be produced or why the deposition should be taken, including the legal basis for why the information is necessary to file or oppose a motion for class certification;
> iv. A precise statement by the responding party as to the basis for all objections and/or claims of privilege, including the legal basis for all privileges and objections.

**B. Discussion**

On June 9, 2010, the parties filed the Joint Motion for Determination of Discovery Dispute. (Doc. No. 23.) Plaintiff did not follow the procedure as outlined above and instead made general and broad discovery requests that were not narrowly tailored to the issues of class certification. Because plaintiff did not follow the Court's format, his request for discovery is denied without prejudice. Should plaintiff wish to renew the requests for discovery, he must strictly follow the procedure outlined in the Court's Chambers' Rules.

Defendant, however, did identify three specific items of discovery that it needs in order to oppose plaintiff's class certification motion. First, defendant asks to depose the named plaintiff. Plaintiff did not object in the Joint Motion as was required, therefore, defendant may proceed with taking Mr. Aaronson's deposition. Defendant also requests that plaintiff serve substantive responses to the 25 interrogatories served April 23, 2010, including producing documents that were requested to be identified in those interrogatories. Plaintiff did not serve objections or substantive responses when they were due on May 26, 2010. Furthermore, plaintiff did not object to these interrogatories in the Joint

Motion. Because plaintiff made no objection to this discovery, he shall serve substantive responses to each interrogatory and produce the documents requested in those interrogatories no later than **June 23, 2010.**

Based on the Court's review of the pleadings and discussions with counsel, the Court believes that this case is unlikely to continue if not certified as a class action. Therefore, the Court is staying all merits discovery unrelated to class certification, and is solely ordering limited discovery into issues pertaining to Fed.R.Civ.P. 23. All parties are to exchange initial disclosures pursuant to Rule 26, but as limited by this order to information relevant to class certification. Initial disclosures must be exchanged on or before **June 25, 2010.**

All discovery, as limited herein to class certification issues, shall be completed on or before **August 31, 2010.** *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45 must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. The Court expects counsel to make every effort to resolve all disputes without court intervention. All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have extensively met and conferred and have reached impasse with regard to the particular issue. Discovery motions must be filed as a "Joint Motion for Determination of Discovery Dispute" (see Judge Skomal's Rules available on the Court's website). The Court again emphasizes that discovery is limited to issues pertaining to Fed.R.Civ.P. 23 and all discovery into the merits of the case is **STAYED** until further order of the Court.

Lastly, plaintiff must file his motion for class certification on or before **October 1, 2010.** The Court will hold a telephonic Case Management Conference with attorneys only on **November 12, 2010**, at **1:30 p.m.** Counsel for Defendant will coordinate and initiate the conference call.

The parties are advised that no extensions will be granted absent good cause and a showing of diligence in attempting to meet ordered deadlines. Failure to follow Judge Skomal's procedures regarding discovery disputes will defeat good cause. Chambers' rules are attached for counsel's

reference.

Failure by either party to strictly adhere to these procedures will result in sanctions.

IT IS SO ORDERED.

Dated: June 17, 2010

**BERNARD G. SKOMAL**
United States Magistrate Judge

**Discovery Disputes**

1.  **The Court will not accept any discovery motion that does not strictly comply with the following procedures.**

2.  Counsel are to promptly meet and confer regarding all disputed issues. If counsel are located in the same district, you are <u>required</u> to meet and confer in person. If counsel are located in different districts, you are to meet and confer by phone or video conference. Counsel must proceed with due diligence in scheduling and conducting an appropriate meet and confer conference as soon as a dispute arises.

3.  If the dispute arises during a deposition regarding an issue of privilege, enforcement of a court ordered limitation on evidence, or pursuant to Fed.R.Civ.P. 30(d), counsel should suspend the deposition and immediately meet and confer. If the dispute is not resolved after meeting and conferring, counsel may call Judge Skomal's chambers at (619) 557-2993 for an immediate ruling on the dispute. If Judge Skomal is available, he will either rule on the dispute or give counsel further instructions on how to proceed. If Judge Skomal is unavailable, counsel must mark the deposition at the point of the dispute and continue with the deposition. Thereafter, counsel shall meet and confer regarding all disputed issues pursuant to the requirements of Civil Local Rules 16.5.k. and 26.1.a. If counsel have not resolved their disputes through the meet and confer process, they shall proceed as noted in paragraph 4 below.

4.  If the parties have not resolved the dispute through the meet and confer process, counsel for all interested parties must promptly and **jointly** contact Judge Skomal's chambers and speak with the research attorney assigned to the case. Counsel must be prepared to specifically and succinctly explain the dispute to the research attorney. Counsel must agree on the description of the issue prior to calling chambers. The research attorney will explain the issue to Judge Skomal and the Court will either set a telephonic discovery conference or advise the parties to file a motion. **Under no circumstance will Judge Skomal rule on a discovery dispute that is brought to his attention more than thirty (30) days after the date upon which the event giving rise to the dispute occurred (see (6) below)**.

5.  If Judge Skomal requests that the parties file a discovery motion, it must be filed as a joint motion entitled "Joint Motion for Determination of Discovery Dispute." The joint motion is to include:
    a.  A declaration of compliance with the meet and confer requirement. Counsel should not attach copies of any meet and confer correspondence to the declaration or joint statement;
    b.  A specific identification as to each dispute;
    c.  A joint statement of the dispute(s) must follow this format (see sample below):
        i.   The exact wording of the discovery request in dispute;
        ii.  The exact objection of the responding party;
        iii. A statement by the propounding party as to why the discovery is needed. Include legal basis to support the position;
        iv.  The legal basis for the objection by the responding party.
    d.  **Without leave of Court, the joint motion, including exhibits, may not exceed ten (10) pages.**

6.  For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition. For written discovery, the event giving rise to the discovery dispute is service of the initial response or the time for such service if no response is given.

7.  Counsel should not stop conducting other discovery due to a dispute.

The Court will either issue an order following the filing of the joint statement or will schedule a telephonic discovery conference.

**Sample Format: Joint Motion for Determination
Of Discovery Dispute**

**Request No. 1**: Any and all documents referencing, describing or approving the Metropolitan Correctional Center as a treatment facility for inmate mental health treatment by the Nassau County local mental health director or other government official or agency.

**Response to Request No. 1**: Objection. This request is overly broad, irrelevant, burdensome, vague and ambiguous and not limited in scope as to time.

**Plaintiff's Reason to Compel Production**: This request is directly relevant to the denial of Equal Protection for male inmates. Two women's jails have specifically qualified Psychiatric Units with certain license to give high quality care to specific inmates with mental deficiencies. Each women's psychiatric Unit has specialized professional psychiatric treatment staff (i.e., 24 hour psychiatric nurses full time, psychiatric care, psychological care, etc.). Men do not have comparable services. This request will document the discrepancy. (Include relevant Points and Authorities.)

**Defendant's Basis for Objections**: This request is not relevant to the issues in the case. Plaintiff does not have a cause of action relating to the disparate psychiatric treatment of male and female inmates. Rather, the issue in this case is limited to the specific care that Plaintiff received. Should the Court find that the request is relevant, defendant request that it be limited to a specific time frame. (Include relevant Points and Authorities.)