Howard Rubinstein (Counsel *Pro Hac Vice*)
*howardr@pdq.net*
914 Waters Avenue, Suite 20
Aspen, Colorado 81611
(832) 715-2788

Harold M. Hewell (Cal. SBN: 171210)
*hmhewell@hewell-lawfirm.com*
HEWELL LAW FIRM
105 West F Street, Second Floor
San Diego, California 92101
(619) 235-6854 · (888) 298-0177 (f)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ZACK AARONSON,** as an individual and on behalf of all others similarly situated,<br><br>    *Plaintiff,*<br><br>vs.<br><br>**VITAL PHARMACEUTICALS, INC,** a Florida corporation, dba **VPX,**<br><br>    *Defendant.* | No. 3:09-cv-01333-W-BGS<br><br>HON. THOMAS J. WHELAN<br><br>NOTICE OF OBJECTION TO ORDER BY MAGISTRATE JUDGE BERNARD G. SKOMAL ON JOINT MOTION TO DETERMINE DISCOVERY DISPUTE, ENTERED ON JUNE 18, 2010<br><br>*Class Action*<br>*Jury Trial Requested* |

Plaintiff Zack Aaronson, by and through counsel, hereby gives notice of his objection to the Order by Magistrate Judge Bernard G. Skomal, entered June 18, 2010 ("Subject Order"), denying Plaintiff leave to conduct class certification discovery. The Subject Order also bars merits discovery unless Plaintiff prevails in his motion for class certification, which must be filed on or before October 1, 2010.

# DISCUSSION

At some point,[1] the Court determined that discovery in this case would be bifurcated. Unless Plaintiff succeeds in certifying a class, no merits discovery will be permitted.[2] Plaintiff noted his objection to bifurcation in the Joint Motion for Discovery Dispute re Class Certification Issues by Vital Pharmaceuticals, Inc. ("Joint Motion"), and does so again here.

Plaintiff's grounds for objecting to bifurcation include his contention that: (1) bifurcation will significantly increase the cost of discovery, with Plaintiff having to take depositions of the same parties in Florida twice; (2) strict limitations on discovery will close off avenues of inquiry that might lead to information that will support Plaintiff's motion for class certification; and (3) Plaintiff will be prevented from identifying other class members and possible class representatives that would strengthen his position in

---

[1] Plaintiff's counsel can find no reference to bifurcation of discovery prior to the Order Following In-Person Rule 26(f) Conference (Doc. No. 23). ("The Court therefore vacated the Case Management Conference and ordered the parties to engage in a proper Rule 26(f) conference and agree on a discovery plan *focused solely* on issues pertaining to filing and opposing a motion for class certification. (Doc. No. 21.)") Id. at 1 (Emphasis added.). While that Order indicates that bifurcation and limitation to class certification discovery was addressed in the Order: (1) Vacating and Resetting Case Management Conference; (2) Setting In-Person Rule 26(f) Conference ("Conference Order"), the actual language of the Conference Order was not so specific. ("Counsel shall *focus on* issues pertinent to filing and opposing a motion for class certification.") Id. at pp. 1-2. Plaintiff's counsel has been informed that he was told telephonically the day before the In-Person Conference that the conference would be limited to discussion of class certification discovery, but he has no recollection being told of this limitation and the bifurcation of discovery prior to his attendance at that conference.

[2] See Subject Order, p. 3. ("Based on the Court's review of the pleadings and discussions with counsel, the Court believes that this case is unlikely to continue if not certified as a class action. Therefore, the Court is staying all merits discovery unrelated to class certification, and is solely ordering limited discovery into issues pertaining to Fed.R.Civ.P. 23. All parties are to exchange initial disclosures pursuant to Rule 26, but as limited by this order to information relevant to class certification.")

moving for class certification.

Additionally, Plaintiff notes that The Advisory Committee's Notes to Rule 23(c) state that "it is appropriate to conduct controlled discovery into the 'merits' . . . without forcing an artificial and ultimately wasteful distinction between 'certification discovery' and 'merits discovery.'" According to the Federal Judicial Center, Manual for Complex Litigation (4th ed. 2004), "Discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties." Id. §11.213

The Manual notes that the distinction between merits-based discovery and class-related discovery if often blurry, if not spurious. See Id. § 21.14.

> *There is not always a bright line between the two. Courts have recognized that information about the nature of the claims on the merits and the proof that they require is important to deciding certification.* Arbitrary insistence on the merits/class discovery distinction sometimes *thwarts the informed judicial assessment that current class certification practice emphasizes.*

Id. (emphasis added).

Additionally, as the Ninth Circuit recently held in *Dukes v. Wal-Mart Stores, Inc.*, __ F.3d __, No. 04-16688 (9th Cir. 2010) (en banc):

> When considering class certification under Rule 23, district courts are not only at liberty to, *but must, perform a rigorous analysis* to ensure that the Prerequisites of Rule 23(a) have been satisfied. See id.[3] at 160-61. It does not mean that a district court must conduct a full-blown trial on the merits prior to certification. *A district court's analysis will often, though not always, require looking behind the pleadings, even to issues overlapping with the merits of the underlying claims.* See id. ...[E]very circuit to have considered this issue, including our own previous decisions, has reached essentially the same conclusion: Falcon's central command requires district courts to ensure that Rule 23 requirements are actually met, not simply presumed from the pleadings.

Id., Slip Op., 12-13 (Emphasis added). See also *Gray v. First Winthrop,* 133 F.R.D. 39, 41

---

[3] *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147 (1982).

(N.D. Cal. 1990) (stay of merits-based discovery until resolution of class certification motion would be "unworkable," "impracticable," and "inefficient" and would deny plaintiffs ability to develop facts in support of motion).

Nevertheless, pursuant to the Court's Order, Plaintiff identified general areas of discovery he wished to pursue to support his motion for class certification. However, the Court held that:

> Plaintiff did not follow the procedure as outlined above and instead made general and broad discovery requests that were not narrowly tailored to the issues of class certification. Because plaintiff did not follow the Court's format, his request for discovery is denied without prejudice. Should plaintiff wish to renew the requests for discovery, he must strictly follow the procedure outlined in the Court's Chambers' Rules.

Subject Order, p. 2.

Plaintiff contends that further limitations will prejudice his ability to seek class certification and respectfully requests that the Court set a briefing schedule on this matter.

Respectfully submitted,

HEWELL LAW FIRM

Dated: July 3, 2010

By: s/ Harold M. Hewell
Harold M. Hewell

Howard Rubinstein
Attorney at Law
914 Waters Avenue, Suite 20
Aspen, Colorado 81611
(*To seek pro hac vice admission*)

*Attorneys for Plaintiff*