1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9             SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| ZACK AARONSON, as an individual and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>   vs.<br><br><br>VITAL PHARMACEUTICALS, INC., a Florida Corporation, dba VPX,<br><br>                              Defendant. | CASE NO. 09-CV-1333 W (BGS)<br><br>**ORDER (1) OVERRULING AARONSON'S OBJECTION [DOC. 28] TO DISCOVERY ORDER AND (2) GRANTING AARONSON'S EX PARTE APPLICATION [DOC. 44] FOR EXTENSION OF TIME TO COMPLETE DISCOVERY** |

Pending before the Court is Plaintiff Zack Aaronson's objection to Magistrate Judge Bernard G. Skomal's June 17, 2010 discovery order, and ex parte application for an extension of time to complete discovery. Defendant Vital Pharmaceuticals, Inc. ("VPX") opposes.

The Court decides the matters on the papers submitted and without oral argument. <u>See</u> Civ.L.R. 7.1(d.1). For the reasons stated below, the Court **OVERRULES** the objection [Doc. 28] and **GRANTS** the ex parte application [Doc. 44].

## I.  BACKGROUND

VPX manufactures dietary supplements and energy drinks under the brand name "Redline." (*Compl.* [Doc. 1], 2:5-6.) Plaintiff Zack Aaronson filed the present proposed class action on June 16, 2009, alleging that VPX failed to adequately warn consumers of the health risks associated with using Redline products. (*Id.*, 2:11-12.)

On May 3, 2010, Judge Skomal ordered the parties to conduct a case management conference, exchange initial disclosures, and submit a discovery plan. (*See* Doc. 20.) On May 7, 2010, VPX submitted a discovery plan. (*See* Doc. 21, at 1:19–20.) After reviewing the document, Judge Skomal determined that the parties failed to conduct a thorough Rule 26(f) conference. He, therefore, ordered the parties to conduct a proper Rule 26(f) conference and submit a joint discovery plan focusing on "issues pertinent to filing and opposing a motion for class certification." (*Id.*, 1:24-2:6.) Judge Skomal further ordered that if the plan was not submitted by May 19, 2010, counsel would be required to hold the conference in chambers. (*Id.*)

On May 26, 2010, counsel appeared in Judge Skomal's chambers to conduct the Rule 26(f) conference, but they again were unable to agree on a discovery plan. (Doc. 23, 2:1–5.) Accordingly, Judge Skomal concluded that the "parties have a discovery dispute and should proceed to file a Joint Motion for Determination of Discovery Dispute in order for the Court to decide what discovery will be permitted for the limited purpose of filing and opposing a class certification motion." (Doc. 23, 2:6–9.) The order further clarified the procedure the parties were to follow in identifying the discovery sought:

> The joint motion is to include . . . [a] joint statement (see sample format attached) with the following:
> i.   The exact category of documents or things requested to be produced or the exact matter for examination pursuant to Fed. R. Civ. P 30(b)(6);
> ii.  The exact response to the request by the responding party;
> iii. A statement by the propounding party as to why the documents should be produced or why the deposition should be taken,

>      including the legal basis for why the information is necessary to file
>      or oppose a motion for class certification;
> iv.  A precise statement by the responding party as to the basis for all
>      objections and/or claims of privilege, including the legal basis for all
>      privileges and objections.

(*Id.*, 2:9-15.)

On June 9, 2010, the parties filed the joint motion. In his portion of the joint motion, Plaintiff objected to bifurcating discovery, and argued that Plaintiff should be allowed to conduct merits discovery. (*Jt. Mt.* [Doc. 24], 2:3–5:24.) Additionally, Plaintiff ignored the procedure set forth in the order for requesting discovery, and instead generally described the type of discovery Plaintiff needed. (*Id.*, 6:16-11:5.)

On June 17, 2010, Judge Skomal issued an order (the "Discovery Order") denying without prejudice Plaintiff's requests for discovery on the ground that he failed to follow the format ordered by the court. (*Discovery Order*, 2:17–19.) Additionally, Judge Skomal determined that the "case is unlikely to continue if not certified as a class action" and, therefore, stayed "all merits discovery unrelated to class certification" and "limited discovery [to] issues pertaining to Fed.R.Civ.P. 23." (*Id.*, 3:4–7.) The order further set October 1, 2010 as the deadline for filing a motion for class certification. (*Id.*, 3:23.)

On July 3, 2010, Plaintiff filed a notice of objection to the Discovery Order. Because the objection was not resolved by the deadline for filing the motion for class certification, Plaintiff subsequently also filed an ex parte application seeking to extend the discovery deadline.[1]

## II.    STANDARD OF REVIEW

A party may object to a non-dispositive pretrial order of a U.S. Magistrate Judge within ten days after service of the order. See FED. R. CIV. P. 72(a). The magistrate

---

[1] Because Plaintiff's objection was filed as a notice, and not as a motion, the document was not identified on the Court's motions report and, therefore, was not recognized as a motion until after Plaintiff filed the related ex parte application.

judge's order will be upheld unless it is "clearly erroneous or contrary to law." Id.; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions, including an order imposing discovery sanctions. Maisonville v. F2 America, Inc., 902 F.2d 746, 748 (9th Cir. 1990) (holding that factual determinations made in connection with a sanction award are reviewable for clear error); Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991) (holding that discovery sanctions are non-dispositive pretrial matters reviewable for clear error under Rule 72(a)). Under this standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung heavy Industries Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997).

On the other hand, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. See, e.g., Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law."); 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 at 350 & 355 (2d ed. 1997); Gandee v. Glaser, 785 F.Supp. 684, 686 (S.D. Ohio 1992), Aff'd 19 F.3d 1432 (6th Cir. 1994) ("Thus, [the district court] must exercise its independent judgment with respect to a magistrate judge's legal conclusions.").

### III. DISCUSSION

#### A. Plaintiff's Objection to the Discovery Order Lacks Merit.

Plaintiff raises two objections to Judge Skomal's Discovery Order. Having reviewed the parties' papers, as well as the Discovery Order, the Court finds Plaintiff's objections lack merit.

Plaintiff first objects to the bifurcation of discovery. According to Plaintiff, bifurcation will "significantly increase the cost of discovery," "close off avenues of inquiry that might lead to information that will support Plaintiff's motion for class

certification," and prevent Plaintiff from identifying other possible class members. (*Obj.*, 2:7–12.) But Plaintiff has failed to support these claims with any detail. For example, Plaintiff fails to provide any specifics regarding the amount of duplication that would occur with bifurcation, contending only that some unidentified number of Florida depositions will have to be taken twice. (*Obj.*, 2:8–9.) In short, Plaintiff has failed to persuade the Court that bifurcation would "significantly" increase costs or somehow hinder Plaintiff's ability to seek discovery relevant to class certification.

Moreover, Plaintiff has failed to dispute Judge Skomal's finding that the case will likely be dismissed if class certification is denied. Accordingly, the Court agrees with Judge Skomal that bifurcation is warranted in this case. For these reasons, the Court finds Plaintiff has failed to demonstrate that Judge Skomal's decision to bifurcate discovery is contrary to law.

Plaintiff next objects to Judge Skomal's denial of Plaintiff's discovery requests. There is no dispute, however, that Plaintiff ignored Judge Skomal's order that outlined the format the parties were to use in requesting discovery, and instead simply listed "general areas of discovery. . . ." (*See Objection*, 4:4-5.) Accordingly, the Court concludes that Judge Skomal's denial of Plaintiff's discovery requests was not contrary to law.

### B. Plaintiff's Ex Parte Application is Granted.

The Discovery Order required Plaintiff to file his motion for class certification on or before October 1, 2010. However, Plaintiff's Objection was still pending on the deadline to file the motion. Accordingly, the Court finds good cause to extend the deadline to complete discovery pertaining to class-certification issues.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **OVERRULES** Plaintiff Aaronson's objection to the Discovery Order, **GRANTS** his ex parte application for an extension

of time to complete class-certification discovery, and **ORDERS** Plaintiff's motion for class certification filed on or before **May 16, 2011**.[2]

**IT IS SO ORDERED.**

DATED: February 23, 2011

_____
Hon. Thomas J. Whelan
United States District Judge

---

[2] The motion deadline has been set to approximate the amount of time Plaintiff had to complete class-certification discovery when he filed the objection to the Discovery Order.