UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACK AARONSON, as an individual and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>VITAL PHARMACEUTICALS, INC.,<br><br>    Defendant. | Civil No.   09cv1333-W (BGS)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR EXTENSION OF DEADLINE TO FILE CLASS CERTIFICATION MOTION**<br><br>**[Doc. No. 57]** |

Pending before the Court is Plaintiff Zack Aaronson's ("Plaintiff") *Ex Parte* Application to extend the deadline to file his motion for class certification. (Doc. No. 57.) Defendant Vital Pharmaceuticals, Inc. ("Defendant") opposes the request. (Doc. No. 59.)

**RELEVANT PROCEDURAL BACKGROUND**

On February 23, 2011, the Hon. Thomas J. Whelan issued an order overruling Plaintiff's objection to Magistrate Judge Skomal's discovery order. (Doc. No. 48.) Judge Whelan confirmed this Court's decision to bifurcate discovery and directed Plaintiff to complete class-certification discovery and file his motion for class certification by May 16, 2011. (Doc. No. 48.) Because discovery was never stayed, Plaintiff was allowed a total of ten months to conduct class-certification discovery. On March 22, 2011, Plaintiff's lead counsel, Harold M. Hewell, filed a Notice of Association of Counsel. (Doc. No. 52.) Clifford H. Pearson and Daniel L. Warshaw were associated as additional co-counsel in this action in order to "assist with class certification discovery, filing the class certification motion, and litigating the case thereafter." (Doc. No. 57-1 at 2.) On April 21, 2011, Plaintiff filed the current

request to continue his deadline to file for class certification. (Doc. No. 57.) Plaintiff seeks a 60 day extension to complete discovery which will necessarily delay filing the class certification motion. (*Id*.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 6(b) permits the court, for good cause, to extend the time for an act to be completed. Fed. R. Civ. P. 6(b)(1). Similarly, Rule 16(b)(4) provides that a schedule may be modified only for good cause. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause standard' primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). In order to satisfy the good cause standard, the party seeking the extension must show that, "even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order." *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (citing *Zivkovic v. Southern Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (citing *Johnson,* 975 F.2d at 609.)

**DISCUSSION**

Plaintiff argues good cause exists to grant him a 60 day extension because <u>one</u> of his lead attorneys suffered serious health problems in March that hindered his efforts to initiate discovery in a timely manner. (Doc. No. 57 at 2.) Plaintiff's motion for an extension is based entirely on the argument that Howard W. Rubinstein was admitted to the hospital on March 22 and again on March 27, 2011, and that because of this unexpected health condition Plaintiff cannot complete discovery and file the motion for class certification by May 16, 2011. (*Id*.) Plaintiff submits that Mr. Rubinstein's illness "thwarted his efforts to initiate a Rule 30(b)(6) deposition of Defendant [ ] in a timely manner. (*Id*.)

Defendant strenuously objects to the request for a continuance and argues that Plaintiff has failed to show the good cause necessary to obtain an extension. (Doc. No. 59.) Defendant accurately points out that Harold M. Hewell, not Howard W. Rubinstein, has acted as lead counsel in this case since its inception. Mr. Hewell filed the complaint and appeared in person at the Early Neutral Evaluation and Case Management Conference. Mr. Hewell also participated in every telephonic discovery conference and has always filed the motions and pleadings in this lawsuit, as well as called the Court to inquire into general case management issues. Defendant further argues that "the record in this case shows consistent

1 delay and lack of diligence by Plaintiff's counsel." (*Id*. at 6.)

2     Having reviewed the record in this case, as well as the parties' papers submitted in support of
3 and opposition to the request for a continuance, the Court finds Plaintiff's request for a 60 day extension
4 lacks good cause. Plaintiff fails to establish how his counsel proceeded with due diligence to complete
5 class-certification discovery in a timely manner given that he has had ten months to conduct discovery.
6 Further, from February 23, 2011 through at least March 14, 2011, neither Mr. Hewell nor Mr.
7 Rubinstein sought any discovery. In fact, Plaintiff did not formally notice a deposition or propound
8 discovery until April 15, 2011. (Warshaw Decl., Doc. No. 57-3 at ¶ 7.) Plaintiff also fails to offer any
9 justification as to why Mr. Hewell did not act diligently in pursuing discovery before, during, or after
10 Mr. Rubinstein sought medical attention for his condition. Nothing in the record indicates that
11 circumstances prevented Mr. Hewell from contacting Defendant to notice a Rule 30(b)(6) deposition, or
12 from propounding timely written discovery. Moreover, Plaintiff filed the Notice of Appearance adding
13 Messrs. Pearson and Warshaw on the same day Mr. Rubinstein fell ill—March 22, 2011—to assist with
14 discovery and filing the class certification motion . (Doc. Nos. 52; 57-1 at 2.) Therefore, there was no
15 time during which Mr. Hewell was without the assistance of additional counsel to help him with
16 discovery and drafting the class certification motion.

17     Despite Plaintiff's overall lack of diligence in pursuing discovery, the Court will take into
18 account Mr. Rubinstein's unexpected health concerns. The Court will grant Plaintiff a seven (7) day
19 extension. This brief extension will allow Plaintiff to receive Defendant's responses to his written
20 discovery before filing his motion for class certification. Accordingly, Plaintiff's motion for class
21 certification must be filed no later than **May 23, 2011**.

22     IT IS SO ORDERED.

23 DATED: May 12, 2011

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court