UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACK AARONSON,<br><br>                                    Plaintiff,<br>    v.<br><br>VITAL PHARMACEUTICALS, INC.<br><br>                                  Defendant | CASE NO. 09-CV-1333 W (CAB)<br><br>**ORDER (1) SUA SPONTE STRIKING CERTAIN ALLEGATIONS FROM THE FAC, AND (2) DENYING DEFENDANT'S MOTION TO DISMISS [DOC. 91]** |

      Pending before the Court is Defendant Vital Pharmaceuticals, Inc.'s ("Vital Pharm") motion to dismiss for failure to state a claim upon which relief may be granted. Plaintiff Zack Aaronson opposes the motion.

      The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons discussed below, the Court sua sponte **STRIKES** from the First Amended Complaint ("FAC") all safety and class-action allegations, and **DENIES** Vital Pharm's motion to dismiss [Doc. 91].

//

//

## I. BACKGROUND

The facts of this case have been discussed in detail in this Court's previous orders. (*See Order Granting In Part And Denying In Part MTD* [Doc. 13]; *Order Denying Mt. For Class Cert.* [Doc. 76].) Accordingly, the Court summarizes only those facts relevant to the current motion.

Vital Pharm manufactures and sells several energy drinks and related products under the brand name Redline ®. (*First Amended Compl.* ("FAC") [Doc. 90], ¶ 1.) Aaronson purchased and used a bottle of Redline in or around early January 2009. (*Id.*, ¶ 7.) Aaronson alleges that the product "caused him to suffer negative health effects" and "didn't work." (*Id.*, ¶¶ 8, 21.)

In June 2009, Aaronson filed this case as a purported class action. On February 17, 2010, this Court dismissed the first and second causes of action in the original Complaint, which were based on the product's alleged safety risks. The dismissal was based on the primary-jurisdiction doctrine. (*See Order Granting In Part And Denying In Part MTD*, p. 3:2–6:7.) Then on February 3, 2012, this Court denied Aaronson's motion for class certification finding that he failed to establish typicality, adequacy of representation and predominance. (*See Order Denying Mt. For Class Cert.*, 4:9–8:15.)

On May 10, 2012, Aaronson filed a motion for leave to file a first amended complaint. On June 5, 2012, VPX filed a notice of non-opposition, and this Court subsequently granted Aaronson leave to file the FAC.

The FAC contains two causes of action. The first asserts a breach of implied warranty of fitness claim, based on the allegation that Redline does not provide energy. (*FAC*, ¶ 39.) The second asserts a claim under the Magnuson-Moss Warranty Act.

Vital Pharm now seeks to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6). Aaronson opposes the motion.

//
//

## II. STANDARD.

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's legal sufficiency. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper only if the plaintiff's complaint lacks a cognizable legal theory or adequate facts to support a "facially plausible claim to relief." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

All material allegations in the complaint, "even if doubtful in fact," are assumed to be true. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555(2007). As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

## III. DISCUSSION

Vital Pharm's motion argues that (1) Aaronson's safety and class-action allegations are improper given this Court's prior rulings, (2) the breach of implied warranty of fitness claim is insufficiently pled, and (3) the Magnuson-Moss Warranty Act claims is insufficiently pled. The Court will address each argument separately.

### A. The Safety and Class-Action Allegations are Improper.

Vital Pharm argues that Aaronson's class-action and safety allegations are improper in light of this Court's previous rulings. The Court agrees.

As stated above, on February 17, 2010, the Court dismissed Aaronson's causes of action that were based on Redline's alleged safety risks. (*See Order Granting In Part And Denying In Part MTD*, p. 3:2–6:7.) And on February 3, 2012, this Court denied

Aaronson's motion for class certification because he failed to satisfy the typicality, adequacy of representation and predominance requirements. (*See Order Denying Mt. For Class Cert.*, 4:9–8:15.) Based on those orders, Aaronson's safety and class-action allegations are immaterial and impertinent. The Court, therefore, *sua sponte* strikes all safety and class-action allegations from the FAC. See Fed.R.Civ.P. 12(f)(1) (A court on its own motion may strike any "redundant, immaterial, impertinent, or scandalous matter.")

### B.  The Breach of Implied Warranty Claim is Sufficiently Pled.

In California, an implied warranty that goods are fit for a certain purpose exists when (1) the buyer intends to use the purchased goods for a certain purpose, (2) the seller has reason to know of this particular purpose, (3) the buyer relies on the seller's skills to provide goods for the particular purpose, and (4) the seller has reason to know that the buyer is relying on his skills. Keith v. Buchanan, 220 Cal. Rptr. 392, 399 (Cal. Ct. App. 1985); Cal. Civ. Code § 1791.1(b). A product breaches the implied warranty of fitness "if the goods are not reasonably fit for the intended purpose and result in injury." Martinez v. Metabolife Int'l, Inc., 6 Cal. Rptr. 3d 494, 500 (Cal. Ct. App. 2003).

Here, Vital Pharm argues that Aaronson does not adequately allege breach of the implied warranty of fitness. (*MTD* [91-1], p. 12:24.) Vital Pharm premises its entire argument on the theory that Aaronson's admissions during discovery doom his claim. (*Id.*, p. 11:20–22, 12:18–26.) Vital Pharm requests that the Court take judicial notice of Aaronson's interrogatory responses, wherein he stated that he felt shaky and had an accelerated heart rate after drinking Redline. (*Id.* at p. 3:5–6; *Order Denying Class Cert.*, p. 2:8–9.) Vital Pharm argues that these responses show that Aaronson experienced feelings of energy as a matter of law, so his claim for breach of implied warranty of fitness fails. (*MTD*, p. 3:13–14.) Aaronson counters that Vital Pharm is

improperly seeking to settle a question of fact, and maintains his claim that he did not receive energy from Redline. (*Opp'n*, p. 15:14, 14:22.)

The disagreement between Aaronson and Vital Pharm hinges on the meaning of "energy." Vital Pharm contends that Aaronson's shakiness and racing heart necessarily mean he was experiencing "feelings of energy." (*MTD*, p. 12.) Vital Pharm points to Hansen Beverage Company v. Innovation Ventures, LLC, arguing that the court "specifically recognized" that "'energy' may be understood colloquially to convey an 'energized feeling.'" (*Id.* at 11:7–8, citing 2008 WL 4492644, at *2 (S.D. Cal. Sept. 29, 2008).) The Court is not persuaded for at least two reasons.

First, Hansen did *not* establish as a matter of law the definition of energy. To the contrary, the court declined "to resolve these factual disputes [about the definition of energy] on such a limited record." Hansen Beverage Company, 2008 WL 4492644, at *2. Nor has Vital Pharm cited any other authority the proposition that feelings of shakiness and a rapid heart rate, as a matter of law, equate to feeling energetic. Absent any such legal authority, the Court finds the issue is a question of fact for a jury.

Finally, Vital Pharm argues that Aaronson uses the wrong legal standard for determining product efficacy, and contends that the proper legal standard is that of an objective consumer. For purposes of this motion, this issue need not be addressed. Even if Vital Pharm is correct, it has not shown as a "matter of law" that an objective consumer would view Aaronson's symptoms as "energy."

**C.   The Magnuson-Moss Warranty Act Claim is Sufficiently Pled.**

Vital Pharm's argument regarding Aaronson's second cause of action is premised on the failure of Aaronson's first cause of action. (*MTD*, p. 13:4–5.) Because the Court has found the first cause of action is sufficiently pled, the Court will deny the motion to dismiss the second cause of action.

//

1  **IV.  <u>CONCLUSION & ORDER</u>**

2      For the reasons stated above, the Court *sua sponte* **STRIKES** all class-action and
3  safety allegations in the FAC, and **DENIES** Defendant Vital Pharm's motion to dismiss
4  [Doc. 91].

6  **DATED:  March 12, 2013**

                                                        Hon. Thomas J. Whelan
                                                        **United States District Judge**